# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| MIAMI VALLEY FAIR HOUSING CENTER, INC., et al., | ) ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) No. 2:15-cv-02737 ) ) |
| PREFERRED REAL ESTATE INVESTMENTS, LLC, et al., Defendants. | ) Chief Judge: Edmund A. Sargus, Jr. ) Magistrate Judge: Kimberly Jolson ) ) ) |

## JUDGMENT OF DISMISSAL

The claims of Plaintiffs Miami Valley Fair Housing Center, Inc. and Central Ohio Fair Housing Association (collectively, "Plaintiffs") against Defendants Preferred Real Estate Investments, Inc., Preferred Real Estate Investments, LLC, Preferred Real Estate Investments II, LLC, Andover Park LLC, Andover Park II, LLC, Taylor House LLC, Palmer Square LLC, Clifton Park LLC, and Alexander Square LLC (collectively, "Preferred Defendants")[1], are hereby resolved as follows:

WHEREAS, on August 19, 2015, Plaintiffs brought a lawsuit alleging the Preferred Defendants have engaged in a pattern and practice of discrimination against people with disabilities by designing and/or constructing multifamily dwellings and common- and public-use areas associated with those dwellings in such a manner as to deny people with disabilities full access to, and the use of, these facilities in violation of the Fair Housing Amendments Act

---

[1] The Plaintiffs and Preferred Defendants are referred to collectively as Parties and any one of those Parties as Party.

("FHAA"), 42 U.S.C. §§ 3604(f)(1), (f)(2), and (f)(3)(C) at Andover Park, Taylor House, Palmer Square, Clifton Park and Alexander Square (the "Properties").

WHEREAS, the Preferred Defendants deny that they have violated the FHAA or have engaged in any pattern or practice of discriminatory conduct.

Pursuant to the agreement of the Parties, the Parties state, acknowledge and are irrevocably bound as follows:

1. The Preferred Defendants developed and constructed the Properties by retaining architects and civil engineers licensed by the State of Ohio. These state licensed professionals created building plans for the construction of the Properties.

2. Upon the completion of the building plans, the Preferred Defendants submitted the building plans to the City of Columbus ("City").

3. For each of the Properties, the City issued a building permit stating that, in part, the building was designed "in compliance with…ANSI A117.1."

4. Once the Preferred Defendants obtained building permits based upon the City-approved building plans, subcontractors began constructing the Properties. During construction, City inspectors periodically inspected the as-built conditions of the Properties throughout the different stages of construction to ensure that the Properties were being constructed in accordance with the approved plans.

5. Upon completion of construction, the City conducted a final inspection of the Properties. Once approval was achieved, the City issued a certificate of occupancy stating, in part, that the as-built construction was built in "compliance with…ANSI A117.1."

6. Plaintiffs sought to ensure equal opportunity for all people with disabilities; promote equal housing opportunities for people with disabilities; to aid home seekers with

disabilities and housing industry groups; provide assistance to disabled victims of discrimination through investigation and litigation of FHAA violations; and eliminate housing inequities for all people with disabilities through enforcement actions.

7. The interests of anyone injured and/or damaged due to alleged violations of the FHAA at the Properties are aligned with the Plaintiffs, and Plaintiffs' interests are aligned with, include, and overlap with the public interest in fair housing as defined, interpreted, and used in *Spann v. Colonial Village, Inc.* 899 F.2d 24, 31 (D.C. Cir. 1990).  As such, at all times during the litigation, Plaintiffs have been acting as private attorneys general in a representative capacity for people who have been injured and/or damaged by alleged violations of the FHAA by the Preferred Defendants at the Properties directly identified in the First Amended Complaint and indirectly identified in the relief sought by the First Amended Complaint.

8. The Preferred Defendants have denied, and continue to deny, the allegations in the First Amended Complaint, contending that the Properties are reasonably accessible to all disabled persons.  In fact, in addition to each of the Properties completing the building plan and construction inspection process, the Preferred Defendants retained accessibility consultant Paul Sheriff who expressed an opinion that the Properties were reasonably accessible to disabled persons.

9. To the extent there were deficiencies in compliance with federal, state, or local laws at the Properties, which the Preferred Defendants deny, the Preferred Defendants deny there was any intent to avoid the requirements of federal, state, or local laws and at the time of resolution Plaintiffs did not anticipate pursuing punitive damages claims against the Preferred Defendants.

10. Plaintiffs and the Preferred Defendants engaged nationally-known accessibility consultants with experience in addressing accessibility issues.

11. The Plaintiffs and Preferred Defendants engaged in arm's length negotiations over accessibility regarding the Properties. The Preferred Defendants, although under no obligation to do so, may make improvements to the Properties to further enhance the accessibility of the Properties.

12. Plaintiffs and Defendants have fully and finally resolved this matter, and so hereby stipulate to this Judgment of Dismissal in order to fully and finally resolve the claims raised, or claims that could have been raised, in this litigation.

13. This Order shall be deemed as resolving, once and for all, each and every claim, matter and issue that Plaintiffs alleged, or Plaintiffs could have alleged (including but not limited to the FHAA, Americans with Disabilities Act and any similar federal, state or local accessibility law), in the First Amended Complaint or any other pleading in this action.  Accordingly, res judicata and collateral estoppel shall apply to each and every such claim, matter and issue so that Plaintiffs, both directly and indirectly, are forever barred from litigating such claims, matters and issues.

14. Any further legal or administrative action of any kind, except for the enforcement of this Order, instituted by Plaintiffs and/or any individual or entity arising from, based upon, or connected with the alleged failure to design and/or construct the Properties in compliance with the FHAA would be moot.

IT IS HEREBY ORDERED, ADJUDGED AND DECREED by and between Plaintiffs and the Preferred Defendants that the above-facts are incorporated into this Order; and that pursuant to Rule 41(a) the above-captioned litigation is hereby dismissed with prejudice with the

Parties bearing their own fees and costs.  The Parties agree and the Court so Orders that the United States District Court for the Southern District of Ohio shall retain jurisdiction with respect to any dispute between the Parties arising from this Order or any agreement between the Parties and the Parties hereby submit to the jurisdiction of the United States District Court for the Southern District of Ohio.

_____  _____
DATE                                                        EDMUND A. SARGUS, JR.
                                                                    CHIEF UNITED STATED DISTRICT JUDGE


Dated: December 14, 2018                 Respectfully submitted,

/s/Stephen M. Dane
Stephen M. Dane (Ohio Bar No. 0013057)
Reed Colfax (admitted *pro hac vice*)
Megan Cacace (admitted *pro hac vice*)
Laura Gaztambide-Arandes (admitted *pro hac vice*)
Relman, Dane & Colfax, PLLC
1225 19th Street, N.W., Suite 600
Washington, D.C. 20036
(202) 728-1888
(202) 728-0848 (facsimile)
sdane@relmanlaw.com
rcolfax@relmanlaw.com
mcacace@relmanlaw.com
larandes@relmanlaw.com

*Attorneys for Plaintiffs*

/s/Matthew S. Zeiger
Matthew Zeiger (Ohio Bar No. 0075117)
Zachary Sugarman (Ohio Bar. No. 0089175)
ZEIGER, TIGGES & LITTLE LLP
3500 Huntington Center
41 S. High Street
Columbus, OH 43215

Telephone: (614) 365-9900
Facsimile: (614) 365-7900
zeigerm@litohio.com
sugarman@litohio.com

*Counsel for the Preferred Defendants*